**George E. AEBISCHER, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14927.**

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Leonard G. Geb and Jack N. Shears, Ponca City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Ralph C. Haynes, Dist. Atty., Daniel C. McClung, Asst. Dist. Atty., for defendant in error.

BUSSEY, Judge.

George E. Aebischer, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Kay County for the offense of Attempted Burglary in the Second Degree, and from the judgment and sentence fixing his punishment at three years in the State Penitentiary at McAlester, he appeals.

Briefly stated, on the evening of the 22nd day of December, 1968, Mr. Bob Silvy, owner and operator of Silvy's Grocery, was in his place of business in Ponca City, Kay County, Oklahoma, when he heard someone walking on the roof of his building. He notified the Police Department, who dispatched officers to the scene, where, upon arriving they focused a spotlight on the roof of the building and observed a man who ran to the rear of the building, jumped off the roof and fled on foot. This person was chased by the officers for two blocks and was apprehended. He was identified by the officers during the trial as the defendant. The officers stated he was continuously in their sight from the time they observed him on the roof until his apprehension.

An examination of the roof of the building revealed that the tar-like substance thereon had been removed from a 12 x 12 inch square, and a search of the roof yielded various articles including a hammer, a saw, a brace, a citizen's band radio, etc. At the conclusion of the State's evidence, the defendant offered no testimony and rested.

The court then proceeded to instruct the jury and thereafter the closing arguments of the respective parties were presented and this case was submitted to the jury.

It is first contended on appeal that the trial court erred in overruling his Motion for Continuance which was based upon alleged remarks made by the District Attorney in the presence of the jury panel on the first day of the jury trial when the trial judge was inquiring as to the cases on the docket which were ready for trial and as to whether or not the defendants of the various cases would be present in time for trial. In his Motion for Continuance, the defendant alleged that the remark of the District Attorney was that the defendant was in the custody of the United States Marshal. No evidence was offered on this allegation and the court overruled the Motion for Continuance, nor does it appear that the defendant sought to challenge any of the jury on voir dire examination and preserve the record thereon. We are of the opinion that the record wholly fails to support this assignment of error, nor is there any evidence tending to establish that the jurors who sat on the defendant's case, heard the alleged remark and were prejudiced thereby. We also observe that a Motion for Continuance is addressed to the sound discretion of the trial judge and his ruling thereon will not be disturbed on appeal in the absence of evidence tending to establish an abuse of that discretion. We are therefore of the opinion that this assignment of error is without merit.

It is lastly contended that a new trial should be granted because of prejudicial statements made by the District Attorney in his closing remarks. We have carefully examined the remarks complained of and while we are of the opinion that the District Attorney's remark that the "defendant was an out-of-county man" was not based on any competent evidence admitted during the course of the trial, we are of the opinion that in view of the overwhelming guilt of the defendant, such remark was not so prejudicial as to require a modification or reversal.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.