Patricia Lorraine AGNEW, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15872.

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1971.

Loyd L. Benson, Frederick, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Patricia Lorraine Agnew, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tillman County for the offense of Grand Larceny. Her punishment was fixed at one year and nine months imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that Bessie Rogers was employed at the Jemison and Taylor Dry Goods Store in Tipton, Oklahoma. She testified that on the morning of March 16, 1968, a colored lady and a male subject came to the store. She showed the male various pairs of shoes, while the female went to the back of the store near where the suits were located. She did not see the female leave the store.

Riley Taylor testified that he was the co-owner of the department store in Tipton. He testified that he was just returning to the store from drinking a cup of coffee, and was standing in front of the store talking with one Marvin Creedy. He observed the defendant come from the back

of the store, and as she was going out of the door, he noticed something sticking out of the back of her coat. She left the store and got in her car, wherein Taylor followed her to the car, threw her coat back, and removed a suit from underneath her coat. The defendant ran from the scene. The value of the suit was $69.95.

Marvin Huff testified that on the day in question, he observed Mr. Taylor following the defendant out of the store. He observed Taylor remove the suit from the car and return to his store. Huff removed the car keys from the automobile, wherein the defendant ran down the street.

The defendant testified that she had stopped by the store with Jimmy Stevenson for the purpose of Stevenson purchasing some shoes. She was leaving the store as Mr. Taylor was coming in, and upon getting in the car, she observed the suit lying on the front seat. She denied stealing the suit; she testified that she did not run down the street, but rather that she was "skipping." She testified that she left the scene because she had previously been convicted of Burglary.

 The first proposition asserts that the verdict is not sustained by the evidence. We consistently have held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, Okl. Cr., 468 P.2d 805 (1970).

 The final proposition asserts that there was a discussion prior to the trial in the presence and hearing of the jury, concerning the possibility of defendant entering a plea of guilty. We need only to observe that the record is void as to any such discussion. We have repeatedly held that errors urged on appeal must be sup-

ported by the record. Aebischer v. State, Okl.Cr., 453 P.2d 340 (1969).

 We would further observe that if there was any possibility that potential jurors overheard proceedings that might have influenced them, the defendant could have, and should have, inquired into such matters during the voir dire.

The judgment and sentence is accordingly affirmed.

NIX and BRETT, JJ., concur.