**Marvin GRIFFIN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15812.**

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., Michael D. Tinney, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Marvin Griffin, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was fixed at seventeen (17) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Shirley Williams testified that on September 11, 1969, she lived at 837 Northeast 55th Street, Oklahoma City, Oklahoma, but that night she stayed at her aunt's house. On the following day she returned home at approximately 1:45 p. m., and found the front door unlocked. She noticed two television sets were missing, and she thereafter went to her attorney's office and called the police. On returning home again, she found that her stereo and blue-green bedspread were also missing. The stereo had been there when she was home at 1:45 p. m.; the serial number of the stereo was 186A63553.

Officer Beall testified that he was patrolling on September 12, 1969, and observed the defendant at 36th and Prospect Streets in Oklahoma City driving a Ford pick-up. He stopped defendant at about 2:15 p. m., and asked for his driver's license; he issued a citation when the defendant could not produce the license. He asked defendant what he was hauling in the pick-up, and the defendant answered it was a stereo, and that he was moving from an address on 39th to an address on 33rd Street.

One Kenneth Johnson was sitting on the stereo, which was covered with a blue-green bedspread. Johnson dismounted and defendant uncovered the stereo, and Beall noted the serial number, which was 186A-63553. After issuing the citation, Beall checked out the address defendant had said he was moving from, and found it to be non-existent; he then checked the address defendant had stated he was moving to, and found no one at home.

Kenneth Johnson testified that he was 18 years old, and first observed defendant on September 12, 1969, at a service station, where the defendant asked him if he wanted to make some money helping the defendant

**584**

move. He went with the defendant to the house shortly before 2:00, and helped him put a stereo in defendant's truck. Defendant covered the stereo with a bluish-green bedspread. They then proceeded to 36th and Prospect Streets, where the officer stopped them. Defendant uncovered the stereo, and the officer wrote down the serial number. Defendant and Johnson then proceeded to another house, and unloaded the stereo, then went to a radio-TV place on 23rd Street, where defendant talked to a man. Defendant gave Johnson $8.00 for helping him.

Defendant did not testify, nor was there any evidence offered in his behalf. Three previous felony convictions of defendant were stipulated.

■ The first proposition asserts that the verdict is not supported by the evidence. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence, and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

■ The last proposition contends that the punishment is excessive. We feel it unnecessary to deal with this proposition, suffice it to say that from the foregoing statement of facts, the sentence imposed does not shock the conscience of this Court.

The record is free of any error which would justify modification or require reversal, and under such circumstances, we are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.

