Benjamin Samuel LAWSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16123.

Court of Criminal Appeals of Oklahoma.

Sept. 3, 1971.

Don Anderson, Public Defender, Oklahoma City, Okl., for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Benjamin Samuel Lawson, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County of the offense for Grand Larceny; his punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, at the trial, the evidence adduced that on October 15, 1969, Russell Lee Amburn was employed at Sears, Roebuck Store, Reding Shopping Center, Oklahoma City, Oklahoma, as manager of the fencing-gardening supplies department, which is adjoining the camera-typewriter department. He testified that between 4:30 and 5:00 p. m. that day, he had a conversation with the defendant, who was in company with another person. Shortly afterwards, he observed the defendant alone walking out of the store with a case typewriter. He reported the matter to the store security officer. Defendant was clean-shaven at the time.

Charlotte Nixon testified that on the day in question she was employed by Sears at the Reding Store, and happened to be talking to Mr. Amburn when she saw defendant leave the store with the typewriter. She saw him enter a 1955 Chevrolet which was parked just outside and drive away. She saw another employee obtain the license number. Another person was pointed out to her as having been defendant's companion, and she followed this other person around the store. This person, after about forty-five minutes, left the store, and she followed. Soon she saw a car that resembled the car the defendant had left in, and the license number matched.

Leonard Ray Dedrick testified that on that date, he was manager of the camera-typewriter department and at about noon, the defendant and a friend came by looking at typewriters. They returned later that afternoon, and practiced on a typewriter while he was occupied with customers. Soon, Mrs. Nixon warned him that defendant had just walked out with a typewriter, and he verified that one was missing. He identified State's Exhibit Number One as the same typewriter which was priced at $154.88.

Officer J. J. Snook testified that he saw defendant at the shopping center that afternoon in police custody. Defendant stated that he lived at the Odom Motel at 201 Southwest Forty-Fourth Street, Oklahoma City, Oklahoma. He searched the defendant's Chevrolet and motel room, finding nothing incriminating. Armed with a search warrant, he searched an International van truck, parked at the motel, finding in the van a Sears electric typewriter, State's Exhibit One.

James Willis, Oklahoma City Police Department, testified that he interrogated the defendant at the Oklahoma City Jail on the morning of October 16, 1969. After advising defendant of his rights against self-incrimination, defendant told him that he and a person named Doggett were in the Sears store the previous day, looking at typewriters, and the defendant took the typewriter without paying for it, drove to his motel, and put the typewriter in an International van truck.

For the defendant, a Mr. Langston was questioned about the value of the dollar in 1910, compared with present value, but this line of questioning was not permitted by the trial court.

A Mrs. Richardson testified that on October 15, 1969, she was manager of the Odom Motel, and defendant occupied Room 19. The Police searched his room that night, and she pointed out to them that the defendant had an International van truck which was later towed away.

Richard Lee Cothrum testified that he was defendant's cell mate and would judge defendant's character as "not being criminal," but rather would "classify him as a standard citizen, good citizen." Cothrum, having been convicted of seven felonies,

had been around the criminal element most of his life. Cothrum had studied economics, and testified, "If you had a dollar bill in your pocket your dollar bill would be worth about twenty cents." He fixed the value of the typewriter at about $15.00.

Officer McCaleb testified about going to Sears that afternoon in response to a call, and after receiving a description, arrested the defendant for the larceny. Terry Lynn Doggett was already in custody.

Officer Breeden testified that he was custodian of the stolen property at the police station, and on October 15, 1969, received a typewriter from Officer Snook.

Officer Rushy, of the Oklahoma City Police Department, testified that he was also security officer at the Sears Store, and arrested the defendant there on October 15, 1969. He questioned various Sears employees, and Terry Doggett, who was later released to liberty.

Jim Berry testified that he was jailer at the Oklahoma County Jail, and told about defendant's various dietary problems, defendant being a vegetarian. The defendant had a beard, but he shaved it off the last day of trial. Berry said defendant "looked a lot different."

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, 468 P.2d 805.

The next proposition contends that the punishment is excessive. We have repeatedly held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, 473 P.2d 264.

Defendant's final contention asserts that since 21 O.S., § 1704, enacted in 1910, defined "Grand Larceny" as taking of property in value exceeding $20.00, such definition should be applied today in terms of a figure representing the real value of the 1910 dollar, rather than the nominal $20.00 value. We find this proposition to be so totally without merit that it does not warrant discussion in this Opinion.

The Record is free of any error which would justify modification or require reversal. The judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.