**James Martin SMITH, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A-16532.**

Court of Criminal Appeals of Oklahoma.
Sept. 24, 1971.

**498**

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

James Martin Smith, hereinafter referred to as defendant, was charged, tried, and convicted for the offense of Robbery by Force in the District Court of Oklahoma County, Oklahoma. His punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Elmo Darling, Jr., testified that he was employed at the Townsco Construction Company, and lived at the Page Hotel, located at Northeast Second and Central Streets in Oklahoma City, Oklahoma. On July 9, 1970, as he was returning home from eating, two boys, one of whom he identified in court as the defendant, appeared from behind some cars, threw him to the ground, and bodily took approximately $83.00, his billfold, and two packages of Kool cigarettes. At the time of the robbery, defendant was wearing a checked shirt. He had observed defendant earlier that evening around one of the apartments in Darling's hotel. Darling encountered a scout car shortly, and reported the incident. He accompanied the officers to the hotel, and pointed out the defendant as one of the robbers. There were several other boys present with the defendant, but Darling identified only the defendant. Two packages of Kool cigarettes were taken in the robbery, one being unopened, and the other opened from the bottom. Defendant was apprehended by the officers about ten feet from where the robbery took place. Darling found his billfold the next morning in a nearby alley, with the money missing.

Officer Wreath, Oklahoma City Police Department, testified that he was working the night shift on July 9, 1970, and was stopped by Darling at 300 Northeast Second Street, and told of the robbery. Darling got into the police car and directed the officers to the 200 Block on Central Street, where he pointed out the defendant as one of the robbers. Defendant was wearing white sneakers, blue jeans, and no shirt, but had a shirt in his hand. This was about ten minutes after the robbery, according to Darling. Defendant had a small amount of change in his pocket, one full pack of Kools, and one pack about half full with the corner torn away at the bottom of the package.

Defendant testified that he was wearing a gold shirt when arrested. He denied robbing Darling, and said he was given the packages of cigarettes by friends at the time of the arrest. The gold shirt he was wearing when arrested was among his property in the county jail.

Bill Leir testified that he was an Oklahoma County jailor, and on the evening the defendant was booked into the jail, he did not have a checked shirt, but rather the gold shirt.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn there-

from, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

█ The final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed is the minimum provided by law. In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is, accordingly, affirmed.

BRETT and NIX, JJ., concur.