Dan T. JONES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14986.

Court of Criminal Appeals of Oklahoma.

April 8, 1970.

Don Anderson, Public Defender, Homer Thompson, Asst. Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, Dan T. Jones, hereinafter referred to as the defendant, was convicted in the District Court of Okla-

homa County with the crime of Burglary Second Degree, After Former Conviction of a Felony and sentenced to twenty years in the penitentiary. From this judgment and sentence he has appealed to this Court.

From the record, the State's first witness was Mr. Dale Cain, owner of the Southwest Shooter's Supply Company, located at 107 West Reno Street, Oklahoma City, Oklahoma. He testified that on January 19, 1968, he closed his business about 6:00 p. m., after locking the doors. That he was called back to his place of business about 9:00 p. m., found the glass of the front door broken, with a piece of concrete, and found some guns missing and checked his list of serial numbers, finding the guns in evidence to be ones missing from his store. He then identified five guns in evidence as having come from his business. On cross-examination he testified that there was no sign of blood in or about the place of business. The next witness was Officer Kenneth Patterson of the Oklahoma City Police Department. He testified that on the night of January 19, 1968, about 8:45 p. m., he and his partner saw defendant about a block north of the burglarized premises, that defendant had a pistol in one hand and a rifle in the other. Upon approaching closer "at one time the pistol was pointed in our direction." Defendant was arrested, searched; and three other weapons were found on him. The witness further testified that defendant was bleeding and was taken to the hospital for treatment. The witness identified the five weapons as being the ones taken from defendant. The officer also identified a shirt which he said defendant was wearing at the time of his arrest. On cross-examination the witness testified that he and his partner took defendant from where he was arrested to the hospital, and these two officers did not take defendant to the alley behind the burglarized premises, but Officer Jerry Johnson and Jerry Gode did. That defendant had a "busted lip, his nose was bleeding and had two cuts on the left side of his face and one on the left ear."

The next State's witness was Officer Jerry Johnson of the Oklahoma City Police Department who testified that on the day in question about 8:55 and 9:00 p. m., he and his partner were cruising in the 100 block on West Reno, saw the front glass broken at 107 West Reno, reported it to headquarters; stayed at the scene until arrival of the owner; helped check the owner's records for missing guns and then went to Mercy Hospital where he saw defendant; talked to him, and was advised that there were three more guns in the alley between California and Reno Streets. He testified that he went to this location, found an empty box in the area where defendant had told the officer there were other guns in a barrel. On cross-examination, the officer stated he also found a shirt pocket at the place he found the empty box.

At this stage of the proceedings, a hearing was had outside the presence of the jury. The defendant was advised of his rights in regard to taking the witness stand, and was advised that if he did so he would be cross-examined as to any previous convictions. The defendant stated that he did want to take the witness stand. He was sworn and testified before the jury.

Officer Johnson resumed his testimony and testified that at the place in the alley where he found a shirt pocket, which he matched to the shirt in evidence. He stated that there were two pools of blood near where he found the shirt pocket. On cross-examination, he stated he did not find the shirt, but just the pocket.

The defendant took the witness stand and most of his testimony concerned his contention that the officers severely beat him, breaking his nose, requiring that he be taken to the hospital for treatment. He denied that the shirt pocket belonged to him, that he had on a T-shirt. He testified that when he found the guns, he and others had been drinking and he went to the alley to get a drink of wine, found the guns and before his arrest had told

others with whom he had been drinking that there were other guns in a barrel in the alley. He testified that the officers found one shotgun in the barrel. Defendant was insistent that he did not break into the store and did not know who did. He did admit having possession of the guns found on him except one he was not sure of. He admitted on direct examination to four previous convictions; one for Larceny from a Person (1946), one Federal conviction for Theft of a Motor Vehicle (1954), and two for Burglary Second Degree (1960, 1963). This, substantially was the evidence presented to the jury.

Defendant argues as his only contention of error that the evidence presented does not sustain the conviction of burglary.

■ This Court stated in Lefthand & Bent v. State, Okl.Cr., 398 P.2d 98:

"The mere possession of property recently stolen is not sufficient to convict the possessor of Larceny or Burglary of it, but when the fact is supplemented with other facts inconsistent with the idea that the possession is honest, it then becomes a question of fact for the jury to pass upon the guilt or innocence of the defendant."

In the instant case, there were other circumstances in connection with the possession of the stolen property, as related in the facts, supra, sufficient to make it a question for the jury.

Further, it is seldom that people who are prone to commit such crimes carry eye-witnesses around with them. See, Caldwell v. State, Okl.Cr., 373 P.2d 261.

■ We are, therefore, of the opinion that the verdict is based upon, and is supported by legal and substantial evidence, and as stated in numerous cases:

Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Kelly v. State, Okl.Cr., 415 P.2d 187.

■ . This Court is of the opinion that the defendant had a fair and impartial trial, that the issues were properly submitted to the jury, that the evidence is sufficient to support the verdict, and the punishment not excessive. Therefore, it is the order of this Court that the judgment and sentence be affirmed.

BRETT, P. J., and BUSSEY, J., concur.