Bernard Clarence LAWSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15646.

Court of Criminal Appeals of Oklahoma.

March 17, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Bernard Clarence Lawson, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Burglary Second Degree, After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence a timely appeal was perfected to this Court. The defendant and a co-defendant, Charles Eugene Long, were tried jointly.

Briefly stated, the evidence at the trial adduced that Dr. Harry C. Wolohan was a medical doctor and operated his clinic at 3328 Classen in Oklahoma City. He testified that after closing the place he was called back on July 17, 1969, in the night, and saw that the bathroom window on the south side had been broken out and an outdoor venetian blind forcibly removed. Inside, the office was in great disarray and missing were two metal andirons and fireplace logs, syringes, a stethoscope and keys to his apartment and garage.

Officer Burns of the Oklahoma City Police Department testified that he and his partner were cruising in the 1500 block on N.W. 47th Street in Oklahoma City about 11:00 p. m. on July 16th, when they saw a white Oldsmobile that they recognized as belonging to defendant. They followed the car because they knew the two occupants. The Olds proceeded to 33rd and Classen and stopped in a parking area, the officers observing with 10 x 50 binoculars from across Classen, and recognizing defendant as the driver and a co-defendant to be Charles Eugene Long. After five minutes the Olds drove around the block southeast, stopping on 33rd Street at the curb, short of Classen. The officers followed and maintained observation from about three-quarters of a block away at Military. The Olds, after fifteen minutes, drove around the block southeast, the same as before, and stopped on 33rd about the second house from Military. This time the officers followed and maintained surveillance from around the corner on Military. Burns got out and hid in some shrubbery with the binoculars. Defendant and Long had dismounted and walked west on 33rd. Burns lost sight of them, but saw them return about 11:55 to the Olds and lean inside the windows and he heard a sound as of metal clanging. Defendant and Long walked back west on 33rd and Burns saw them enter the area behind the Wolohan Clinic. Burns saw them emerge from the back door of the clinic about 12:40 a. m. and return to the Olds, each carrying some objects which were placed in the car. The Olds then drove west to Classen and north on Classen, the officers following. Shortly the Olds took off at a high rate of speed and the officers followed closely at an estimated fifty miles per hour. The police car had the siren and warning lights operating and Burns observed various objects being thrown from the Olds: one andiron, the keys identified by Dr. Wolohan and a gauze bandage with fresh blood on it. After the officers fired at the Olds, it blew a rear tire and slid into the curb at 35th and Classen, where defendant and Long were arrested. Inside the Olds was one of the andirons identified by Dr. Wolohan, a pry bar, a 12-inch screwdriver and a flashlight. Defendant was bleeding from his leg and Burns later saw blood in the clinic bathroom that night.

Officer Knox of the Oklahoma City Police Department testified that he checked the clinic on July 17, 1969, for latent fin-

gerprints and obtained some from glass broken out of the clinic bathroom window. In his opinion, one of the latent prints was identical to a known print he obtained from defendant on July 17th. Another latent print from the glass was, in his opinion, identical to a known print he obtained from Long.

Elaine Schuster testified for the defense that she lived on 33rd Street in the second house east of the Wolohan Clinic and on the night of the burglary some officers came to her door about 1:30 a. m. and inquired whether she had been burglarized of anything such as andirons, electric logs, etc., and together they inspected her premises.

Neither defendant, nor Long took the witness stand, and the former convictions were stipulated.

■ The first proposition asserts that the verdict is not supported by evidence. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr.; 468 P.2d 805.

■ The final proposition contends that the punishment is excessive. We need only observe that the punishment imposed was well within the range provided by law, and does not shock the conscience of this Court.

The record is free of any error which would justify modification or reversal, and the judgment and sentence is accordingly, affirmed.

NIX and BRETT, JJ., concur.