**Louis Leroy ELGIN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16587.**

Court of Criminal Appeals of Oklahoma.

May 5, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Louis Leroy Elgin, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County of the offense of Grand Larceny After Former Conviction of a Felony, his punishment was fixed at six (6) years imprisonment and from said Judgment and Sentence, a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial adduced that on June 28, 1970, Derrick Roy Patterson was staying at a house at 1114 N.E. 22nd Street that belonged to his mother. Two boys, defendant, and Michael Richardson were staying there with him, defendant having been there for the last two days. On that date Roy had $180, consisting of one $100 bill, a $50 bill, a $20 bill and a $10 bill, representing his savings to buy a motor bike. He hid his money under the mattress in the back bedroom and Michael knew of this, but no one else "was supposed to know." On the evening of June 28th Roy and Michael went to the Dairy Queen, defendant staying at the house because he was sleepy. The door was left locked and they were gone about 30 minutes. On their return the door was open and defendant was lying on the couch apparently asleep. Roy discovered that his money was missing. Roy slept on the couch that night and defendant slept in a chair, while Michael slept in the back bedroom.

Michael Richardson testified that he had known Roy about three years and they were good friends. He had been staying with Roy about two months at 1014 N.E. 22nd, while defendant, whom he had not known before, had stayed there two days. Defendant told Michael on the first night that he was going to get Roy's money. Michael saw Roy hide his money under the mattress on the evening of June 28, 1970. Michael and Roy went to the Dairy Queen that evening, leaving defendant at the house and locking the door. On their return defendant "looked like he was playing sleeping" (Tr. 32), and Roy discovered the

money was gone. The evening of the next day defendant gave Michael a ten and a twenty; "He said it was Roy's money" (Tr. 34). Then defendant and Michael went to the Kentucky Fried Chicken where defendant bought some chicken. After charges were filed against defendant and Michael, the latter returned the $30 to Roy's mother.

Betty Lou Wilson testified that she was Roy's mother and had him living at the house at 1014 N.E. 22nd Street to forestall pilferage. Prior to June 28, 1970, she had withdrawn $70 of his savings and this, together with his pay check was to buy a motor bike. After learning of the loss she, on June 29th, accused defendant of the taking, which he denied. She then complained to the police. Later she was talking to defendant who still denied the taking. As the police approached, however, defendant told her that he had taken the money and asked her not to have the police arrest him; that he would return the money.

Officer Barrett of the Oklahoma City Police Department testified that he talked to defendant on June 30th, the day after he was arrested. First giving defendant the Miranda warning he then interrogated defendant, who "said he took $180 from a boy named Patterson and he said he gave $30 of the $180 to a boy named Michael, and he said he had $150 at his house." Barrett then went with defendant to his house at 2209 N. Missouri where defendant signed a search waiver. Another officer went with defendant into a back room and defendant returned with $156, saying $6 of it was his. The other denominations were one $100 bill, two $20 bills and one $10 bill.

For defendant, Lew Vertis Williams testified that on the evening of June 29, 1970, he was at the chicken place close to Eastern on 23rd and saw defendant and Michael Richardson. Michael ordered some chicken and paid for it with a $50 bill taken from his pocket.

Michael Elgin testified that he was defendant's brother and lived at 2209 N. Mis-

souri. About noon on June 29, 1970, Michael Richardson was there and showed him $180, saying it was his pay from Tinker. Defendant and Michael then left and soon returned with two boxes of chicken. Roy Patterson was with them but stayed outside. Next day Michael Elgin discovered a billfold with $180 in it hidden under their front couch. He told defendant and defendant told him to "keep it and put it up," so he hid it in the bedroom. Next day officers came with defendant and defendant told him to get the money, which he did, and defendant gave it to the officers.

Clarence Richardson testified that he and Ray Belcher were with defendant and Michael Richardson in a car when Michael had a statement to the effect that he had stolen the money at Roy Patterson's request. Michael cooperated with Roy because he thought that he "had Roy's sister pregnant." He indicated that he was going to tell the whole story at the defendant's trial.

Ray Belcher testified substantially to the same conversation (Tr. 136).

Don L. Thomas testified that Mike Richardson told him that he had stolen the money rather than the defendant and that he had lied about the defendant because he had got Roy's sister, Pam, pregnant.

On rebuttal Michael Richardson denied paying for the chicken, denied showing Michael Elgin $180, denied getting Roy's sister pregnant and denied telling anyone that he had gotten her pregnant.

Betty L. Wilson testified that her daughter was Pamela Rene Patterson and that the latter was not pregnant, a fact that could be confirmed by Dr. Charles Bodine.

Defendant did not testify. The previous conviction was stipulated.

The first proposition contends that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged the Court of Criminal Appeals will not in-

terfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P. 2d 805 (1970).

The final proposition alleges that the punishment is excessive. We need only to observe that the punishment imposed is well within the range provided by law and does not shock the conscience of the Court.

In conclusion, the record is free of any error which would justify modification or reversal and under such circumstances we are of the opinion that the judgment and sentence should be and the same is Affirmed.

NIX and BRETT, JJ., concur.