**Tommy Eugene THOMAS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16052.**

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1971.

Don Anderson, Public Defender, Arnold Britton, Asst. Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jack S. Pratt, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Tommy Eugene Thomas, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County for the offense of Burglary in the Second Degree; his punishment was fixed at four years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Robert Crouch testified that on January 13, 1970, he lived at 2448 Northwest Thirty-Fourth Street in Oklahoma City, Oklahoma, and at about 2:45 a. m., was awakened by a noise of breaking glass. On looking out his front door, he saw a car parked across the street, facing west. He got up out of bed, and had his wife call the police. Mr. Crouch's home was located in the close proximity of the Dinsmore Photography Shop. He observed the car drive over to the shop, and about then, a police car arrived. Mr. Crouch identified the defendant in court as the driver of the car.

Gordon Dinsmore testified that he operated a photography shop on North Villa Street in Oklahoma City, and on the evening of January 12, 1970, he secured his place of business. Following a call by police, he arrived at his shop about 3:00 a. m., and observed the front plate glass window was broken; the front door was open, a typewriter, camera, and various cases had been moved from their customary location to a place near the front door. The typewriter cord was missing, and he identified State's Exhibit One as the cord.

Sampson H. Sealy of the Oklahoma City Police Department testified that about 3:00 a. m., on January 13, 1970, he went to Thirty-Fourth and Villa Streets, and observed a Chevrolet pull up in front of the Dinsmore shop. Defendant was in the car, and in defendant's pocket was the typewriter cord—State's Exhibit One.

Officer Doherty, Oklahoma City Police Department, testified that he was Officer Sealy's partner that night, and saw the defendant stop the car in front of the photography shop. While Sealy arrested the defendant, Doherty checked the building. He testified substantially the same as did witness Dinsmore about the typewriter, camera, and cases being near the front door, and about the broken window. The defendant did not testify, nor was any evidence offered in his behalf.

The first proposition asserts that the verdict is not supported by the evidence.

This Court has consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence, and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

The final proposition alleges that the punishment is excessive. We need only to observe that the punishment imposed is well within the limits provided by law, and does not shock the conscience of this Court. The Record is free of any error which would justify modification, or require reversal, and under such circumstances, we are of the opinion that the judgment and sentence should be, and the same is, hereby affirmed.

BRETT and NIX, JJ., concur.