**Kenneth Ray McGREW, Plaintiff in Error,**
**v.**
**The STATE of Oklahoma, Defend-**
**ant in Error.**

**No. A–16129.**

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Kenneth Ray McGrew, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Robbery with Firearms; his punishment was fixed at 25 years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that Melvin Freeman operated a service station at 1209 North Portland, Oklahoma City, Oklahoma. He testified that on February 9, 1970, at about 10:20 a. m., a man identified in court as the defendant, drove into the driveway, and ordered the tank filled. They went in the station, where the defendant put a gun on Freeman and demanded money. The defendant took about $42.00, including a roll of nickels. He then fled in a blue 1965 Chevrolet, Impala, but not before Freeman obtained the license number, which was given to the police. The gun was either a .22 caliber, or a .32 caliber.

James Newman testified that he operated a garage next door to the station, and on that morning about 11:50, he saw a man

running out of the station and driving off rapidly in a dark-colored Chevrolet. The man looked "just exactly like" defendant.

D. M. White testified that he worked for Scott Chevrolet, and on the morning of February 9th, the defendant came in the used-car lot about 9:30 a. m., and drove away a blue 1966 Chevrolet Impala on a try-out basis. The tag number was XS–672. Defendant returned in about 45 minutes or an hour, by which time the car lot had received a call from the police department concerning the car. Defendant told White he had to get some cigarettes, and left.

Officer Acox testified that he received a call over the police radio that morning about 10:50 a. m., and as a result, he went to Scott's Used Car Lot, and arrested the defendant at Eleventh Street, approaching Robinson Street. He found $38.00 in bills, a roll of nickels, and a .22 caliber revolver on the defendant. Defendant was wearing a dark-blue jacket, blue trousers, and a light-blue shirt.

For the defense, Jailor Booth testified that when he checked defendant into the county jail, he was wearing khaki pants, shirt, and a cloth jacket.

Defendant testified that he borrowed the car from Scott Chevrolet to try out, and was gone about 30 or 45 minutes, driving out east on the freeway. He denied stopping at any service station, and denied robbing Mr. Freeman. He had the pistol because a few nights earlier, he had been frightened by two strangers. He testified about the coat he was wearing. Defendant's mother also testified about the jacket the defendant was wearing.

The first proposition asserts that the verdict is not supported by the evidence. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn there-from, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, Okl. Cr., 468 P.2d 805 (1970).

The final proposition of error asserts that the punishment is excessive. This Court has consistently held that it is without authority to modify a sentence, unless we can conscientiously say that under all the facts and circumstances the sentence was so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264. We cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

The record is free of any error which would justify modification or require reversal. The judgment and sentence is accordingly affirmed.