**Booker T. ERVIN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16672.**

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1971.

Don Anderson, Public Defender, Carroll Womack, Asst. Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Booker T. Ervin, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County of the offense of Grand Larceny; his punishment was fixed at three years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on September 28, 1970, Officer Sheldon and his partner were riding patrol. He testified that he noticed a car pull into the alley of the 1900 block on

Northeast Twenty-Third Street, turn off its headlights, proceed slowly to about 1912 Northeast Twenty-Third Street, and stop. Two persons, whom he identified in court as defendant and a co-defendant, Alfonso Leon Thomas, jumped out hurriedly and commenced loading copper tubing and coils into the car. He asked them if the property belonged to them, and they said it did not. The pieces of copper appeared to be freshly cut.

Officer Finney, Oklahoma City Police Department, testified that he and his partner were summoned to the scene in aid of Officer Sheldon, arriving about 11:00 p. m. Finney went up on the roof of the building at 1900 Northeast Twenty-Third, and he observed an air conditioning unit from which copper tubing of the same size as that in the alley had apparently been freshly cut. Finney was formerly a metal smith and had worked with copper. In his opinion, the copper had been cut within two or three hours.

Mrs. Sam Huddleston testified that she owned the building at 1900 Northeast Twenty-Third, and it had an air conditioning unit on the roof, from which over 80 feet of copper tubing was missing. The tubing was worth $2.35 per foot.

Neither the defendant, nor the co-defendant, Thomas, testified nor was any evidence offered in their behalf. The first proposition asserts that the verdict is not supported by the evidence. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

The final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed was well within the range provided by law, and does not shock the conscience of this Court.

The record is free of any error which would require reversal or justify modification, and the judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.