**DeWayne Larue ADKINS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16679.**

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

DeWayne Larue Adkins, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County of the offense of Larceny of an Automobile; his punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on September 23, 1970, Yvonne Williams owned a 1966 White Malibu two-door hardtop automobile. She testified that she left the car parked in her driveway about 10:00 P.M. Her husband had removed the license tag in order to repair the tag holder. The next morning, she noticed the car missing and called Police. About two weeks later, she saw the car at a wrecker service and the top had been painted black.

Kenneth Wayne Jones testified that he was 16 years old, and had known defend-

ant, DeWayne Larue Adkins, over five years. On September 23, 1970, he saw defendant driving a 1966 all-white Malibu. He saw defendant off and on for a period of about two weeks with the car. Jones drove the car one time, with defendant's permission. Jones was present when defendant painted the top of the car with spray enamel.

Officer Mike Burkhart, of the Oklahoma City Police Department, testified that on September 30, 1970, he arrested defendant at Walnut Drive and Sooner Road. He had tried to arrest defendant and Kenneth Jones earlier at 20th and North Kelham, but they fled. At the scene of the arrest, within one-half block of defendant's residence, the officer saw a 1966 white Chevrolet Malibu parked in front of defendant's house, the car top painted black. There was no tag on the car, and the serial plates on the door post and fire wall had been removed. After the car was impounded, the secret serial numbers were obtained from the frame and ownership checked out to Yvonne Williams.

Defendant testified that he was 16 years old, and had known Kenneth Jones, who lived about a half-block away, for over three years. He saw Kenneth that evening and, after visiting with some girls, he and Kenneth went riding in Kenneth's father's pickup about midnight. The truck stalled at 50th and Eastern. They walked back home. Kenneth took some keys and, after determining that he could turn the switch in the Malibu, rolled it down the driveway and into the street. During this time, defendant was standing in the street. They then drove out and retrieved the stalled pickup by pushing it, Kenneth driving the Malibu. Kenneth removed a tag from another car of his, and placed it on the Malibu, and removed the serial number plates and took defendant riding. The next day, Kenneth painted the car top black. This was done in defendant's yard, but defendant did not help any. Subsequently, defendant drove the car a little, but always with Kenneth's permission, and with Kenneth being in the car. He denied stealing the Malibu, or helping Kenneth steal it.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

■ The final proposition contends that the punishment is excessive. We are of the opinion that this proposition contains merit. The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case. The defendant is sixteen years old, and prior to his arrest, had never been in jail, nor convicted of even a misdemeanor.

We are of the opinion that a five (5) year sentence in the instant case does not bear a direct relationship to the nature and circumstances of the offense committed.

It is our conclusion that the ends of justice would be best served by modifying the sentence to a term of three years imprisonment, and as so modified, the judgment and sentence is affirmed.

BRETT, and NIX, JJ., concur.