**Albert Brown SMITH, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16759.**

Court of Criminal Appeals of Oklahoma.

Oct. 13, 1971.

Don Anderson, Public Defender, Wayne Hagel, Asst. Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Albert Brown Smith, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County for the offense of Carrying a Pistol, After Former Conviction of a Felony. Punishment was fixed at three years imprisonment, and from said judgment and sentence, an appeal has been perfected to this Court.

At the trial, Loys Faye Mathis testified that she lived at 221 Harrison Street, Apartment 6, and knew the defendant. Defendant came to her apartment about 10:00 p. m., and during the course of the evening, they had an argument. At the time, she was going with one Frank Major, who was present. A difference arose between Major and defendant, and Major, at one time, had his hands in his pockets. Donald Ray King was there with the defendant, and at this point, defendant went over near King and Loys Mathis saw King hand something to defendant. Shortly later, she saw defendant standing in the middle of the room with a gun in his hand. Major then announced he would leave because he did not want them quarreling over him. Major left, and Loys went downstairs and called the police.

Erma Jackson testified that she was Loys' mother, and lived at the same address in a different apartment. At her daughter's request, she went up to the latter's apartment and observed the defendant standing in the middle of the floor with a gun in his hand. She talked with defendant, and soon, the police arrived.

Officer Reed testified that he responded to a call, and went to Loys Mathis' apartment, and through the open door saw the defendant seated and holding a pistol in his hand. As the officer approached the defendant, he put the pistol behind his back. The officer arrested the defendant, and observed the pistol laying in his chair.

The defendant testified that he was at the apartment that night and got into an argument with Frank Major over Loys. Defendant said Frank "had his hand in his pocket and then he kept on just moving. I didn't know what he was doing, you know." (TR 37) At this juncture, Donald King called his attention to Major's actions, and handed him a pistol. After Loys' mother came up and asked him to put the pistol up, he laid it in the chair. The defendant admitted three prior Felony convictions.

█ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom. It is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

█ The final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed is well within the range provided by law, and does not shock the conscience of this Court. The Record is free of any error which would justify modification or require reversal. The judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.