**Michael Don WILKERSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16765.**

Court of Criminal Appeals of Oklahoma.

Oct. 13, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Michael Don Wilkerson, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County for the offense for Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at ninety-nine (99) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Jimmy Allen McKinnon testified that on November 12, 1970, he was living at 1631½ N.W. Second Street in Oklahoma City, Oklahoma. About 7:30 o'clock p. m., he left, after locking the front door. It was the only door, and was locked with a hasp and padlock. He returned about 11:00 or 12:00 o'clock p. m. the following day and observed that the hasp had been pried out of the wood. He discovered that a home-made bank that he made of three-inch pipe, 16 to 20 inches tall, resting on a base of four-inch-square metal plates was missing. It was his habit to put change in the bank every day, and he had been doing so for five months. Defendant had been in his house a few times before, and on one occasion, had entered the house between 5:30 and 6:00 o'clock a. m., and started walking out with the bank. McKinnon awakened and stopped defendant at the door. Defendant said he was sorry, and McKinnon told him to forget it.

Daisy Miller testified that on November 13, 1970, about 9:30 o'clock a. m., she was visiting her friend, Lois Sutton, who lived at 1625 Northwest Second Street. She noticed defendant walk up the driveway toward the garage, and five or ten minutes later, she saw him walk back out again. She did not see defendant carrying anything either coming or going.

Lois Sutton testified that she lived at 1625 Northwest Second Street, and on November 13, 1970, about 9:30 a. m., she was visiting with Daisy Miller. Miss Sutton noticed defendant come through her driveway, and go toward the rear of her house. She did not observe defendant carrying anything, but when he returned five or ten minutes later, he was carrying a heavy object, about one and one-half, or two feet long under his clothing. At his back, the shape of his coat indicated that the object

was a square shape. McKinnon's house is to the rear of her house, and on the other side of her garage.

For the defendant, Patsy Wilkerson testified that she was defendant's wife, and on the morning of November 13, 1970, at about 9:30 o'clock a. m., one of his friends drove them to 1631½ Northwest Second Street, defendant's purpose to borrow some money from Jimmy Allen McKinnon. Defendant left the car alone and was gone about two or three minutes, returning with a quart of wine. She did not observe any three-inch pipe welded onto any steel plates.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence, and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

The final proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and that the Court of Criminal Appeals does not have the power to modify a sentence, unless we can conscientiously say that, under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264.

■ We are of the opinion that justice would best be served by modifying the judgment and sentence from a term of ninety-nine (99) years to a term of fifty (50) years imprisonment, and as so modified, the judgment and sentence is affirmed.

BRETT and NIX, JJ., concur.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.