Melvin Eugene DORRIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16875.

Court of Criminal Appeals of Oklahoma.

Oct. 13, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Melvin Eugene Dorris, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Robbery by Force. His punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that John Dickerson was a truck driver for a sausage company, and on December 29, 1970, he was making a delivery to the OK Market on Northeast Eighth Street in Oklahoma City. He testified that as he was closing the truck door, a person, whom he identified in court as the defendant, grabbed his billfold, breaking the chain, and ran. Dickerson gave chase, during which he was able to flag a police officer, and the defendant ran into a vacant house. Shortly thereafter, the officers apprehended the defendant at the house, removed the billfold from inside the defendant's belt, photographed the contents, and returned the property to Dickerson. He testified there was approximately $200.00 in the billfold.

Wayne Richards, age 15, testified that he was on his way to the OK Market, and observed Dickerson chasing the defendant. Wayne saw something in the defendant's hand as he was running.

Officer Martin testified that on December 29, 1970, he was riding patrol with his partner, Jackson, and about 5:00 o'clock p. m., they were cruising on Seventh Street, just behind the OK Market and observed two men running down the street. The man in front had some type billfold in his hand, and the man that was chasing him hollered at the officers and asked their assistance to stop the subject. Officer Jackson got out and pursued on foot while Martin drove the police unit around the block. The defendant was subsequently apprehended by Officer Jackson.

Officer Jackson testified that he joined the chase and made the arrest as defendant was trying to get into a vacant house. He found the billfold, with a chain attached inside the waistband of the defendant's pants. The billfold contained $194.00 in cash, and two $15.00 checks, all of which were photographed and returned to Dickerson.

The defendant testified that on the afternoon in question he passed the OK Market and saw Dickerson writing on a paper. He proceeded on to Seventh Street, where he was stopped by a police officer, who asked him for identification. When he could produce none, they put him in the patrol car and drove him back to the OK Market; there, they encountered Dickerson, who accused defendant of snatching his billfold. Defendant denied snatching the billfold, having it in his possession, and denied ever running. He testified that he first saw the billfold in Dickerson's possession after the officers took him back to the store. He admitted a prior conviction of burglary.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

■ The final proposition asserts that the punishment is excessive. Suffice it to say that the punishment imposed is the minimum provided by law.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is, accordingly, affirmed.

BRETT and NIX, JJ., concur.