Lloyd Lee HASTINGS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–17167.

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1972.

City Police Department, talked with one Thurman Pearl in the office of the Federal Bureau of Narcotics about 10:00 o'clock a. m. Keester conducted an intensive search of Pearl's person in order to determine that he had no narcotics. A borrowed car, which was provided to Pearl, was also searched.

Agent Sparks provided Pearl with $30.00 for the attempted purchase of narcotics. Pearl took the borrowed car and drove to the defendant's address with the officers in surveillance in two different vehicles. Pearl went to the defendant's residence and knocked on the door; he then got in his vehicle and returned to a prearranged location. After a conversation with Pearl, Keester requested that he attempt to locate the defendant, and Pearl drove to a barber shop, followed by Agents Keester and Ryan. Upon leaving the shop, Pearl was out of Keester's sight for approximately ten minutes.

They again met at the prearranged location, whereupon Agent Ryan searched Pearl again while Keester searched Pearl's vehicle. Again, no narcotics were found. Pearl returned to the defendant's residence followed by Agents Keester and Ryan, who took up a position of surveillance about one hundred yards from the residence. Keester, watching with binoculars, observed the defendant emerge from his house and enter Pearl's car on the passenger's side. The defendant remained in Pearl's vehicle approximately three minutes, and exited, reentering his house. Pearl drove back to the prearranged location, where he handed Keester a penny balloon which contained a substance which Keester field tested and determined to be an opium derivative.

Agents Sparks, Ryan and Officer Lovett testified to substantially the same facts as Officer Keester. Pearl was subsequently found stabbed to death in Mexico.

Donald Flynt testified that he was a chemist with the State Bureau of Investigation. He tested the substance found in

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Lloyd Lee Hastings, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Sale of Heroin, After Former Conviction of a Felony. His punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Keester, Oklahoma State Bureau of Investigation, testified that on September 2, 1970, he, together with Agents Sparks and Ryan, and Officers Lovett and Neal of the Oklahoma

the balloon, State's Exhibit Number One, and found that it was heroin.

The defendant testified that he knew Thurman Pearl, and that at one time, Pearl was employed by him in a janitorial capacity. He had to terminate Pearl because articles were missing from the building in which he was employed to do janitorial service. Defendant testified that he had knowledge that Pearl was a user of narcotics. On the morning of September 2, Pearl came to his house, but by the time he got to the door, Pearl had left. Pearl returned, and the defendant got in his vehicle, and they talked for several minutes. There was no discussion of any purchase of narcotics, nor did the defendant sell narcotics to Pearl. Defendant testified that he was first arrested on federal narcotics charges, but that the charges were dismissed by a grand jury. The State then arrested the defendant the day he was released on the federal charges.

The previous conviction was admitted and stipulated.

 The first proposition asserts that the verdict is not supported by the evidence. We have repeatedly held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

The final proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court.

Considering the nature of the charge, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court. The judgment and sentence is affirmed.

BRETT, and SIMMS, JJ., concur.