**Henri Etta BOONE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17546.**

Court of Criminal Appeals of Oklahoma.

July 19, 1972.

---

1. Jones v. State, Okl.Cr., 481 P.2d 169.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Henri Etta Boone, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Attempted Robbery With Firearms; her punishment was fixed at fifteen (15) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Hill identified State's Exhibits 1 and 2 as pictures he took at the Pick-N-Tote Grocery at 1715 North Bryant, in Oklahoma City, on October 27, 1971.

Officer Ward identified coins, currency and a gun that he obtained from Mr. Beck, the proprietor of the Pick-N-Tote Grocery on the day in question. He further testified that he took custody of the defendant at the store.

Lamar Beck testified that he was the owner of the Pick-N-Tote Grocery Store. At approximately 5:00 p.m. on the afternoon in question, the defendant came in the store and "started shopping around." (Tr. 15) After the other customers left,

she ordered an icy. He further testified that as he was fixing the icy, she produced the gun, pointed it at him and demanded the money. He put the money in the sack which she had brought into the store, and as she reached for the sack, he grabbed the pistol. He twisted the gun up and a shot was fired through the cash register. He testified that during the struggle, she attempted to fire the pistol again but was unsuccessful. He detained her until the police officers arrived.

Defendant testified that she went to the store to buy a pop and that she decided to rob the store on the spur of the moment. She testified that she had two children and her welfare check was insufficient to provide all the things she wanted for them. She had been taking pills at the time and was "kinda high." (Tr. 29)

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

The final proposition contends that the punishment is excessive. Suffice it to say that from the foregoing statement of facts, the sentence imposed does not shock the conscience of this Court.

In conclusion, we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

SIMMS, and BRETT, JJ., concur.