Marvin James JOHNSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17526.

Court of Criminal Appeals of Oklahoma.

July 19, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Marvin James Johnson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Attempted Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was fixed at two and one-half (2½) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Jerman testified that at approximately 3:30 a.m. on September 14, 1971, he and his partner, Officer Webster, answered a call originating from a silent burglar alarm at 206 N.E. Tenth Street, Oklahoma City. As they approached the building, Jerman went to the rear of the building and observed a figure on the roof. He climbed to the roof and observed a hole torn in the roof. He found the defendant hiding inside an air conditioner on the roof.

Officer Webster's testimony did not differ substantially from that of Officer Jerman.

O. D. Church testified that he operated the liquor store at 206 N. E. Tenth Street. He testified that he closed the store at approximately 10:30 p.m. and set the burglar alarm system before he left. He testified that there was not a hole in the roof prior to his leaving and that he did not know the defendant nor did he give him permission to attempt to enter the building.

Defendant testified that he was walking home from a friend's house and observed three persons on the roof of the liquor store building. He recognized one of the persons as Harry Farmer, a friend of his. He called out and the persons ran. He then climbed up on the roof "Well—just curiosity." (Tr. 47) There was no one on the roof but he observed a hole. The police arrived and he heard someone say "shoot him" and, being frightened, he hid behind the air conditioning vent. He denied attempting to burglarize the store or having anything to do with the hole in the roof. He admitted a previous conviction for taking indecent liberties with a female child under the age of fourteen years.

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

The final proposition contends that the punishment is excessive. Suffice it to

 

say that from the foregoing statement of facts, we cannot conscientiously say that the punishment imposed shocks the conscience of this Court.

In conclusion, we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

SIMMS, and BRETT, JJ., concur.