Benny Earl **BELL**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17654.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1972.

Don Anderson, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Benny Earl Bell, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at twenty-two (22) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Theresa Brown testified that on June 16, 1971, she lived at 1817 N. E. 18th Street in Oklahoma City. She left for work on the morning in question at approximately 6:30 a. m., after first locking the house. She received a call and returned home around 11:15 and found the front door was now unlocked and had marks on it. In checking the house, she discovered that the TV and clock radio were missing. She testified that approximately two weeks later the defendant came to her house and identified himself as the person that was accused of stealing her TV. He stated; "he had not burglarized her house but if she would prevail on her neighbor to not identify him, he would get her TV back or get her another TV."

Viola James testified that she lived just east of Mrs. Brown. She testified that at approximately 10:30 a. m. on the 16th day of June, 1971, she drove in her driveway and noticed a car backed into Mrs. Brown's driveway. She testified that she observed the defendant walking off the porch, carrying a television set. His companion, David Harlan, walked over and asked her if she had a pencil because he wanted to leave a note for Mrs. Brown. She proceeded to carry her clothes into her house and David Harlan walked over and handed her the pencil back. She testified that the trunk of their vehicle was open and she observed them putting a television in the trunk. David Harlan went back into the house and came running out with a clock radio. Harlan drove the car off, and she obtained the tag number which she gave to the police.

Freddy Thompson, aka David Harlan, testified that on the morning in question, he and defendant drove to 1817 N.E. 18th Street. He opened the front door with a screwdriver, he and defendant "burglarized the house." He testified that they took a TV set which was subsequently sold and divided the money. He testified that he had previously entered a plea of guilty to the charge but had not been sentenced. He admitted on cross-examination that he had about five (5) previous convictions but denied having been promised anything to testify.

The defendant testified that he did not burglarize Mrs. Brown's house nor did he share in the proceeds of the sale of the TV set. He heard that he was charged with the burglary and was apprehensive of trouble with his probation officer. His probation officer decided the best thing for him to do was to talk to Mrs. Brown about the TV. He denied asking Mrs. Brown to get her neighbor not to identify him but instead told her he would try to find her TV set or get her another one. He testified that June 16 was his birthday and he was at his mother's home all day until 3:00 p. m.

Mary Hill, the defendant's girlfriend, testified that she was with him on the day in question at his mother's house from 9:00 a. m. to 3:00 p. m.

Ruby Bell, the defendant's mother, testified that she remembered June 16, 1971, because it was the defendant's birthday. She testified that the defendant was at her home from 9:00 a. m. to sometime in the afternoon.

The previous conviction was stipulated and admitted by the defendant.

The first proposition asserts that the verdict is not supported by the evi-

**344**

dence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict even though there is a sharp conflict of the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

The final proposition contends that the punishment is excessive. We have previously held that we do not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the court. The sentence imposed in the instant case does not shock the conscience of this Court. The judgment and sentence is affirmed.

SIMMS and BRETT, JJ., concur.