Bernard Frenchie ELLIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17732.

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Bernard Frenchie Ellis, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Robbery With Firearms; his punishment was fixed at thirty-five (35) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Sylvia Hughes testified that on November 3, 1971 she was employed as a checker at Rader's Grocery Store at 8006 N.E. 23rd Street in Oklahoma County. At about 7:00 p. m. she was checking out groceries bought by a couple when a man, whom she identified in court as the defendant, walked into the store and asked her where the deodorant was located. She told him what aisle it was on and continued checking out the couple who thereupon left the store. The defendant returned to the counter and asked about cigarettes. He (the defendant) turned around, picked up a carton and laid it on the counter. He then pulled out a gun, pointed it at her and demanded the money. He stated, "I will kill you in a second." (Tr. 44) She placed approximately $400 in the bag with the deodorant and cigarettes. The defendant backed out of the store facing her with the gun and told her not to move or call for five minutes.

Aubrey Crane testified that he was in Rader's Grocery Store on the evening in question with his wife and niece. As they were checking out their groceries the person, whom he identified in court as the defendant, came up, interrupted the cashier and inquired about deodorants. The cashier directed the defendant to Aisle 1 and as he started off, he bumped into Crane's niece and "spun her around." Crane's wife wrote a check for the groceries and they left the store, stopping outside to get gas. Shortly thereafter, a car pulled away from the store with its tires squealing. He observed four police cars coming toward the store on his way home.

On cross-examination, he testified that he was shown pictures from which he identified the defendant. He also picked out the defendant in a lineup at the police station.

Diana Griffith testified that she was with her aunt and uncle, Mr. and Mrs. Crane, at Rader's Grocery Store the evening in question. She identified the defendant as the person that brushed by her in the grocery store. While they were at the gas station, she observed the defendant come out of the grocery store and get in a car which sped off at a high rate of speed.

Detective Thomason testified that he showed ten pictures to the witnesses and each one identified the defendant as the man in the store.

577

The defendant testified that he lived at home with his mother at 3663 North Prospect in Oklahoma City and was home all day and night on November 3, 1971. He remembered the date because the following day was his birthday. He denied ever having seen Mrs. Hughes or the Cranes or having been in Rader's Grocery Store at any time. He admitted a prior conviction for Second Degree Burglary.

Johnnie Mae Ellis, the defendant's mother, testified that the defendant was at her home all day and night on November 3, 1971. She recalled the date because she received her Social Security check on the third day of each month and the following day was the defendant's birthday.

Janice Marie Ellis, the defendant's sister, testified that the defendant was at his mother's house at 7:00 p. m. on the evening in question. She testified that she did not leave her mother's house until approximately 10:00 that evening and the defendant was still there.

The defendant was recalled and testified that he had been employed in Detroit, Michigan by the Chrysler Corporation until March 1971, when he was laid off.

Calvin Taft testified in rebuttal that he was a package boy at Rader's Grocery Store and was working there on November 3. He observed a dark blue Buick automobile containing two persons back into the store driveway. A black man got out and entered the store. Shortly thereafter, Taft was stopped by Mrs. Hughes who told him to go get Mr. Rader. When Rader came to the front of the store, Mrs. Hughes informed him that she had been robbed.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805. We therefore find this proposition to be without merit.

■ The final proposition contends that the punishment is excessive. The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and this Court does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. We cannot conscientiously say that the punishment imposed in the instant case shocks the conscience of this Court. The judgment and sentence is affirmed.

BRETT, J., concurs.