# 623

Don Anderson, Public Defender, Oklahoma County, for appellant.

G. T. Blankenship, Atty. Gen., Jack S. Pratt, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge.

Appellant, Terry Louis Willis, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–69–2394, for the offense of Forgery in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at twelve (12) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, William Mock testified that on August 30, 1969 he was employed at the Safeway Grocery at 23rd and Eastern in Oklahoma City. A man, whom he identified in court as the defendant, cashed a check in the amount of Seventy Dollars and Twenty-three Cents ($70.23) drawn by the NAACP Youth Council on the Central National Bank of Oklahoma City, and signed by Gail Parker and Clara Luper. He testified that he asked the defendant for some type of identification and studied him very well because "I was kind of scared of the check." (Tr. 9) The check was presented to the bank for payment and came back with "irregularity" marked on it.

Clara Luper and Gail Parker each testified that the names signed on the check, State's Exhibit 1, were not their signatures and that they neither one authorized any other person to sign their names to such check.

Hoover Willis, the defendant's father, testified that the defendant was in Lamar, Texas on August 30, 1969 and did not return to Oklahoma City until after September 13. He knew the defendant was in Lamar because he had talked to the relative the defendant had been visiting there and that he received a letter from the defendant about August 27 or 28.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

■ The final proposition contends that the punishment is excessive. We need only observe that the record is free of any error which would require reversal or warrant modification of the judgment and sentence imposed.

The judgment and sentence is, accordingly,

Affirmed.

BLISS and BRETT, JJ., concur.