·Danny R. BARLOR, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-73-47.

Court of Criminal Appeals of Oklahoma.

May 30, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Danny R. Barlor, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF-72-332, for the offense of Grand Larceny, After Former Conviction of a Felony, his punishment was fixed at five (5) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Paul Benefield testified that on February 15, 1972, he lived at 1432 Marydale in Oklahoma County; that at approximately 10:45 p.m. he was home working in his garage when he heard someone walk across his driveway. He opened the garage door and observed a green Pontiac Tempest sitting at the side of his house with the trunk open. He observed that two tires were missing from the bed of his pickup and he pursued the Pontiac as it drove off. During the chase, the Pontiac tried to run him off the road and he was able to see the driver, whom he identified in court as defendant. A police car joined in the chase and subsequently stopped the Pontiac. The officer asked defendant to open the trunk and defendant replied that he had no key because the lock had been punched out. The following day he identified the tires and wheels at the Midwest City Police Department and fixed their value at twenty-six dollars ($26.00).

Officer Cline, of the Spencer Police Department, testified that he joined in the pursuit of the Pontiac on the evening in question and arrested the occupants after stopping the car. He identified the defendant as the driver of the vehicle. He contacted the Midwest City Police Department.

Officer Pratt, of the Midwest City Police Department, testified that he met Officer Cline on the evening in question at 36th Street and Spencer Road. He took custody of the defendant and impounded the automobile. He obtained a search warrant and searched the trunk of the vehicle, finding two tires and rims.

Paul Benefield was recalled and identified State's Exhibits 1 and 2 as the tires and wheels missing from his pickup.

For the defense, Wilbert Carr testified that he had been in the tire business for approximately thirty years and that in his opinion State's Exhibits 1 and 2 had a total value of about eleven dollars ($11.00).

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

The final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed is the minimum provided by law. The judgment and sentence is Affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in results.