Ernest Dean SANDERS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18179.

Court of Criminal Appeals of Oklahoma.

June 6, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Ernest Dean Sanders, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–876, for the offense of Grand Larceny, After a Former Conviction of Felony, his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Inez Rader testified that on April 10, 1972, she and her husband operated a grocery store and service station and a feedstore at the corner of Midwest Boulevard and 23rd Street; that at approximately 7:30 a. m. two men, one of whom she identified in court as defendant, entered the store and asked her where the powdered milk was located. The man obtained the powdered milk, paid for it and they both went out the east door. Shortly thereafter, she heard a door to the office, located between the station and grocery, open. She called to see if the door had been opened by the service station employee and, receiving no answer, hurried to the office. She observed the defendant "hunkered down" by the cash drawer. (Tr. 14) She screamed for help and defendant ran out through the service station. She discovered that seven hundred dollars ($700) was missing from the cash drawer.

Billy Sparks testified that he was employed at the Rader Service Station on the morning in question. Sometime after 7:00 a. m. three men drove into the station, stopped and asked him to check under the hood. The driver, whom Sparks identified in court as defendant, got out and entered the station. The defendant returned "in quite a hurry and he told them to forget everything and to jump in the car and go." (Tr. 31) He obtained the tag number from the vehicle and subsequently identified the car at a location at 8th and Lottie at the request of the police department.

For the defense Sam Daniels, the defendant's half-brother, testified that he and the defendant were in Los Angeles, California, during the early part of April 1972. He first testified that he left Los Angeles on April 5, leaving the defendant behind. He later testified that he left Los Angeles to return to Oklahoma City on April 9. The defendant stayed in Los Angeles and stated that he was going to come back a week or so later. He did not know defendant's whereabouts on April 10.

The previous convictions were stipulated.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

■ The second proposition contends that the punishment is excessive. Suffice it to say that this is defendant's third conviction for grand larceny and under such circumstances we cannot conscientiously

say that the sentence is so excessive as to shock the conscience of the Court.

The third proposition asserts that the trial court erred in not permitting him to impeach the testimony of the witness Rader. The record reflects that witness Rader testified that she had seen the defendant in the store before April 10, 1972. Defendant sought to prove by the testimony of the public defender who represented the defendant at the preliminary hearing that Mrs. Rader had previously testified that she had never seen defendant before April 10, 1972. The trial court refused the offer of proof. Defendant candidly admits that "since this was a collateral matter, the proof would seem to be inadmissible." We are of the opinion that the trial court properly denied the offer of proof. See Tarter v. State, Okl.Cr., 359 P.2d 596 (1961).

The final proposition contends that the trial court erred in denying his motion for mistrial in that his witness Daniels, who was then in the county jail, was brought in court to testify in his jail uniform. Defendant's trial attorney argued that the jail clothes would impair his credibility in the eyes of the jury. Defendant's attorney again candidly admits that "this would seem to be a rather small matter because the witness admitted to the jury he had been previously convicted in Texas of grand larceny. The jury would have heard this had he been dressed in street clothes. His testimony tended to establish an alibi defense, but it was not a conclusive alibi for he did not know defendant's whereabouts on April 10, 1972. Furthermore, he contradicted himself as to when he last saw defendant, once saying it was April 5 and later saying it was April 9." We are of the opinion that the trial court properly denied defendant's motion for mistrial. The judgment and sentence is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.