**Thomas BLACKWATER and Frank G. Keel, Plaintiffs in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16950.**

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiffs in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Thomas Blackwater and Frank G. Keel, hereinafter referred to as defendant Blackwater and defendant Keel, were charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Burglary in the Second Degree. Their punishment was fixed at six (6) years imprisonment, and from said judgments and sentences, a timely appeal has been perfected to this Court.

At the trial, Amos Smith testified that on December 21, 1970, he operated a second-hand business at 117 South Hudson in Oklahoma City. His store was broken into sometime that night and three coats, one shirt, a radio, soft drinks and bourbon were taken.

Harold Hannon testified that he lived at 117½ South Hudson and on the evening in question, he heard the sound of glass breaking. He looked out and observed a man in the alley, whom he identified in court as defendant Keel. He saw defendant Keel receive some items from inside the building through a window. Hannon called the police. Defendant Keel approached the window again, whereupon the police arrived and placed him under arrest.

Officer Crabtree testified that he received a call concerning a burglary and proceeded to 117 South Hudson. He arrived at approximately 9:45 p. m., and arrested defendant Keel in the alley. A window facing the alley had been broken. Officer Landes, who was his partner, arrested defendant Blackwater inside the building. He found three coats, a white shirt and a radio in the alley about 100 feet away.

Officer Landes testified that he crawled through the broken window at the alley and found defendant Blackwater lying down inside the building.

For the defense, defendant Blackwater testified that he went into the store to go to sleep. He had been drinking all day. He denied handing any items outside to anyone, and denied breaking the window.

Defendant Keel testified that he found the bundle under the alley window at 117 South Hudson. He was passing by and encountered defendant Blackwater who said he was going into an old building to sleep. Both were drunk. Defendant Blackwater crawled in the open window of the store. Defendant Keel had defendant Blackwater's radio and went back to return it to Blackwater when he found the bundle. He walked away when the police vehicle arrived and placed him under arrest. He denied being handed anything from the inside of the building and denied breaking any window.

■ The first proposition asserts that the verdict is not supported by the evidence. We have repeatedly held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant is guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be

drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, 468 P.2d 805 (1970).

 The final proposition contends that the punishment is excessive. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. From the foregoing statement of facts, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgments and sentences are affirmed.

BRETT, J., concurs.