James John **BROWN**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–17313.

Court of Criminal Appeals of Oklahoma.

April 12, 1972.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

James John Brown, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Robbery with Firearms, After Former Conviction of a Felony; his punishment was fixed at twenty-five (25) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Shirley Gaines testified that on the evening of June 15, 1971, he was leaving the Pink Pussy Cat Club at Twenty-third and North Bryant in Oklahoma City. He was stopped as he left the club by a person, whom he identified in court as the defendant, who inquired if he would like to buy a tape recorder. He and the defendant consumed several beers and discussed various subjects for approximately two hours. As there was some difficulty in getting the tape recorder to work properly, the defendant suggested they get in defendant's car and move away from the nearby highlines. They proceeded to a park at Fourteenth and Bryant whereupon the defendant produced a pistol and demanded Gaines' billfold. Defendant stated, "I

don't have anything to lose; I done time before." (Tr. 36) Defendant took the billfold and drove away.

Officer Calvary testified that on June 18, 1971, he had the occasion to be at the Fun Club about 3:00 a. m. He observed the defendant, who matched the description of a person being involved in the armed robbery, sitting in a booth. He placed defendant under arrest for Public Drunk and Armed Robbery.

Defendant testified that on the evening of June 15, he was at a beer tavern near the bus station. He left the beer tavern and proceeded to a restaurant where he ate. Upon leaving the restaurant he proceeded to the Half-way House where he spent the night. He denied robbing Gaines and denied ever having been at the Pink Pussy Cat Club. He admitted several prior convictions.

Defendant's first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

The final proposition contends that the punishment is excessive. Suffice it to say that considering the defendant's prior record, we cannot conscientiously say that the punishment imposed shocks the conscience of the Court.

In conclusion we observe the Record is free of any error which would justify modification or require reversal. Judgment and sentence is affirmed.

BRETT, J., concurs in results.

SIMMS, J., concurs.