James Patrick WRIGHT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17556.

Court of Criminal Appeals of Oklahoma.

July 26, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, James Patrick Wright, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Unlawful Distribution of a Controlled Dangerous Substance; his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Robert Taylor testified that on September 4, 1971, he was working in the capacity of an undercover agent with police trainee Tom Huey. At approximately 8:45 p. m. they went to the Stars and Stripes Bar in Oklahoma City. While talking to a third person about marijuana, defendant interrupted stating that he had 36 lids of "real good marijuana" for sale. (Tr. 8) After conversing about the price, the officers agreed to purchase one bag for $15.00. They drove the defendant to his residence on North Robinson Street. They went inside the house and the defendant asked a woman that was sitting on the couch "where the dope was." Defendant dumped approximately 30 lids on the dining room table and told the officers to look them over and take whichever one they wanted. Taylor handed the defendant a twenty dollar bill and was given $5.00 change. On the way back to the bar the defendant told the officers that he

could get any amount of marijuana he wanted down near the border if they had the money. The marijuana package was subsequently marked for identification and turned to Detective Lovett.

Officer Taylor testified on cross-examination that he did not remember defendant having a cast on his arm.

Thomas Huey's testimony did not differ substantially from that of Officer Taylor.

Detective Lovett testified that he received the bag of marijuana from Officer Taylor on the night in question and delivered it to the state chemist under seal no. 3180.

William Caveny testified that he was a chemist for the Oklahoma State Bureau of Investigation. He tested the contents of the bag sealed under no. 3180 and was of the opinion that the same contained marijuana.

The defendant testified that he was living at 2187 N. W. Robinson in September of 1971. He and his wife had several extra rooms and they let various and sundry people stay there. He had received a broken hand and was wearing a cast on his arm. He denied selling marijuana to Officers Taylor or Huey and that he had never seen either one of the officers prior to his arrest. At the time he was booked into jail, he heard Officer Huey, in response to the question, "Is this Pat? answer, "No, that's not him." (Tr. 42)

Mary Wright testified that she was the common-law wife of the defendant and in September 1971 they were living at the address on North Robinson. The defendant had broken a bone in his hand and was wearing a cast. She testified that to her knowledge no officers or anyone else had come to their house to purchase marijuana.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury would reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

■ The final proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and the Court of Criminal Appeals does not have the power to modify sentence unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264. From the foregoing statement of facts, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

The judgment and sentence is accordingly affirmed.

SIMMS, J., concurs.

BRETT, J., not participating.