Steve WILSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17669.

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Steve Wilson, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County for the offense of Attempt to Escape from Prison other than Penitentiary; his punishment was fixed at one (1) year in the county jail, and from said judgment and sentence, a timely appeal has been perfected to this court.

At the trial, Carl Parker testified that on January 1, 1972, at approximately 3:35 p. m. he was on duty as a dispatcher at the Edmond City Jail. The defendant who was confined in the city jail asked to use the telephone. After checking with Chief Wakefield for permission, Parker unlocked the door to the jail and the door to the cell of the defendant and let the defendant go to the police desk to make a telephone call. Upon completion of the call, defendant started back to the door of the jail, and just before reaching the jail door, he turned around, kicked Parker on the leg and swung at him. Parker grabbed the defendant, who was still struggling, and held him against the wall by the door through which defendant tried to escape. Chief Wakefield, hearing the commotion, came into the desk area and assisted Parker.

Chief Wakefield testified that he came to the aid of Parker, who was serving as a police dispatcher on the day in question. Wakefield finally had to put his pistol to the head of the defendant, before the defendant quit struggling. The defendant testified that his shoes and clothing were taken from him in the Edmond Jail, and was given clothing that did not fit him. He felt that he was mistreated because the light was left on all the time in his cell. He testified that his "swinging" at Parker was a reflex action, as he thought Parker was attacking him. He admitted wrestling with Parker although he testified that he did not kick him. The defendant admitted being convicted of armed robbery in 1970, in which he received a fifteen (15) year suspended sentence. The suspended sentence was revoked upon conviction of Robbery by Firearms on January 1, 1972, wherein he was sentenced to ninety-nine (99) years and one day.

█ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury can reasonably conclude that the defendant was guilty as

charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

The final proposition contends the punishment is excessive. From the foregoing statement of facts we cannot conscientiously say that this sentence is so excessive as to shock the conscience of this Court. We further observe that the defendant's trial counsel insisted that the defendant should have been prosecuted under 57 O.S., § 56, rather than under 21 O.S., § 436. Although this proposition is not before this Court, we observe that 57 O.S., § 56, provides the punishment to be by confinement in the county jail not exceeding one (1) year or by a fine not exceeding One Thousand ($1,000.00) Dollars or both; wherein 21 O.S., § 436 provides it is punishable only by imprisonment in the county jail, for a term of one (1) year. It thus does not appear that the defendant could have been hurt by the court's instructing under 21 O.S., § 436.

The judgment and sentence is affirmed.