Rickey Leon GREEN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17731.

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Rickey Leon Green, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Carrying a Firearm, After Former Conviction of a Felony; his punishment was fixed by the trial court at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer James of the Oklahoma City Police Department testified that at approximately 9:15 a. m. on October 2, 1971 he was on patrol on Eastern Avenue. He received a radio communication concerning a description of a certain car which was sought in connection with a reported robbery. As he approached N.E. 36th Street, he observed a car fitting the description and with the same tag number. He radioed headquarters and was advised to follow the car but not to stop it because he was a one-man car. He followed the car for several miles during which time he observed the defendant, in the rear seat, turn around and make some apparent arm movement toward him. A passenger in the front seat grabbed the defendant, wherein the defendant turned around and faced the front. After he stopped the car, he searched the three occupants and found two .12-gauge double 00 buckshot shells in the defendant's pocket. He found .22 and .38-caliber shells in the pockets of the two other occupants. He subsequently obtained a search warrant and searched the vehicle. He found a .38-caliber pistol and a .32-caliber pistol in the locked glove compartment and two .22 rifles and a .12-gauge shotgun in the trunk.

Officer Cooper testified that he assisted Officer James in the search of the vehicle. His testimony did not differ substantially from that of Officer James.

The defendant testified that on the morning of October 2, Calvin Thurman and Gerald Roberts came by his house and they all went riding around. They rode around for approximately 30 minutes until they were stopped by the police officers. He denied having any shotgun shells on his person and denied any knowledge of the weapons found in the vehicle. He admitted prior convictions for Grand Larceny and Armed Robbery.

 The first proposition asserts that the verdict is not supported by the evidence. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is sharp conflict in the evidence and

different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

The final proposition contends that the punishment is excessive. The sentence of five years was imposed by the trial court after the jury was unable to agree on the punishment. We cannot conscientiously say that the punishment imposed shocks the conscience of this Court.

The judgment and sentence is affirmed.

BRETT, J., concurs.