**Bennie Louis MINTER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17653.**

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Charles F. Alden, III, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Bennie Louis Minter, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Assault With a Dangerous Weapon; his punishment was fixed at two and one-half (2½) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Rose testified that on November 8, 1971, he answered a call to 221 Harrison, in Oklahoma City, about 2:55 p. m. with his partner Officer Taylor. After having a conversation with a Mrs. Green, he entered the door of the apartment house. He observed the defendant step through a door into the hallway, holding a pistol in his hand. The defendant raised the pistol and pointed it at the center of Rose's body. Rose was approximately two and one-half feet from the defendant and he was "squeezing on to the pistol." Officer Taylor struck the defendant in the stomach and Rose took the pistol. The 41 Colt revolver contained five live rounds and a spent cartridge.

Officer Taylor's testimony did not differ substantially from that of Officer Rose.

For the defense, Bertha Woodson testified that she was the apartment owner and was in the hall when the officers entered. The defendant was standing in the hall with a pistol in his hand. One of the officers said "give me that gun" and the defendant handed it to him. The other policeman ran up and hit the defendant in the stomach.

The defendant testified that he was fifty-two (52) years old, and blind in one eye. He testified that he had a gun on his person because he had gone to an apartment to ask one of the tenants to move. He knocked on the door and the gun discharged. Shortly thereafter, the officers arrived and one of them said "give me the gun." The defendant handed him the gun and the second officer struck him in the stomach. The defendant denied ever trying to pull the trigger.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

■ The final proposition contends that the punishment is excessive. Suffice it to say that the punishment is well within the range provided by law and does not shock the conscience of this Court. The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.