Charles Ray ROGERS et al., Appellants,

v.

The STATE of Oklahoma, Appellee.

No. A–17958.

Court of Criminal Appeals of Oklahoma.

March 2, 1973.

John Smith, Asst. Public Defender, Oklahoma City, for appellants.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellants, Charles Ray Rogers, Donail Fowler, and Johnny Lee Washington, hereinafter referred to as Defendant Rogers, Defendant Fowler, and Defendant Washington, were charged, tried, and convicted in the District Court of Oklahoma County, Case No. CRF–72–333, Defendants Fowler and Washington being convicted of Robbery with Firearms and Defendant Rogers being convicted of Robbery with Firearms, After Former Conviction of a Felony. Defendant Rogers' punishment was fixed at fifty (50) years imprisonment and Defendants Fowler's and Washington's punishment was fixed at thirty (30) years imprisonment; and from said judgments and sentences, a timely appeal has been perfected to this Court. A fourth defendant, Darnell Bates, was tried and acquitted.

At the trial, Robert LeGrande testified that on February 8, 1972, he was the owner/operator of a grocery store at 15th and South Eastern in Oklahoma City. At approximately 9:40 p. m. four men came into the store, one stopped at the ice cream box and the other three went to the back of the store and returned shortly with a purchase. As LeGrande was ringing up the purchase, one of the three whom he identified in court as Defendant Rogers, put a pistol to his head and said, "Give me all the money in your cash register." (Tr. 29) He identified Defendant Washington as being by the ice cream box holding a rifle on him. He further identified the Defendants Bates and Fowler as being at the counter, armed with pistols. He opened the cash register and they started grabbing at the contents. He reached down to get a sack and one of them knocked him back against the counter. Defendant Fowler started screaming, "Get your gun." (Tr. 31) He told Defendant Fowler that he did not have a gun and Fowler started screaming and throwing merchandise around the store. Defendant Bates picked up the cash register and threw it to the floor. They ordered him to go outside and as he was leaving one of them struck him in the back with a claw hammer. One of them said, "Fat man, let's see you run." (Tr. 34) As he ran down the street, two shots were fired at his feet. Upon cross-examination, he testified that he attended two lineups and was shown pictures of suspects. Defendant Washington was in the first lineup, but he failed to pick him out. At the second lineup he identified Defendant Fowler, Defendant Rogers, and Defendant Bates. He testified that he had no doubts about his in-court identification.

Bruce Edwards testified that on February 8, 1972, he was with the four defendants at Defendant Fowler's house before 9:00 p. m. He denied having made various out-of-court statements implicating them in the robbery. He admitted writing State's Exhibit No. 5.

Defendant Rogers testified that he was twenty-one years old and had previously been convicted of a felony. He denied committing the robbery or being at the store on the night of February 8.

Defendant Fowler testified that he was nineteen years old and had been in the store on occasion as a customer. He denied being in the store on February 8.

Defendant Johnny Lee Washington testified that he was twenty-one years old and had been in the grocery store on two previous occasions as a customer. He denied committing the robbery or being in the store on the night in question.

Johnny Carter testified that he was employed by the Oklahoma County Sheriff's Office and that he was present when Edwards signed State's Exhibit No. 5 in the county jail. Edwards made the statement that he committed the robbery and that Defendant Bates did not participate.

Walter Lee Boyd testified that he had a conversation with Edwards in the county jail. Edwards stated that he committed the robbery and that Bates had nothing to do with it.

Defendant Bates testified that he was in his mother's home on the evening in question and had no part in the robbery.

 The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

The final proposition contends that the punishment is excessive. We have previously held that the question of excessive punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264 (1970).

From the foregoing statements of facts, we cannot conscientiously say that the punishment imposed shocked the conscience of the Court. The judgments and sentences are affirmed.

BLISS, P. J., and BRETT, J., concur.