Jesse Lynn UNDERWOOD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18153.

Court of Criminal Appeals of Oklahoma.

May 8, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Jesse Lynn Underwood, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–1217, for the offense of Larceny of an Automobile, After Former Conviction of a Felony, his punishment was fixed at eighteen (18) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Donna Lee McNeeley testified that at about 4:10 p. m. on May 16, 1972, she parked her 1966 Pontiac station wagon at a shopping center at 39th and MacArthur, leaving the keys in the car. As she came out of the store, she observed her car being driven off. She took chase on foot and the car stopped momentarily. The driver started to get out, half opening the door and looking at her. She identified the defendant as the driver of her vehicle. When the car was subsequently recovered, it had been stripped and various credit cards were missing.

Officer Behrins testified that on May 17, 1972, he stopped defendant at 19th and Pennsylvania and issued him citations for speeding and an improper muffler. The defendant was placed in the rear of the police car while the citations were being processed. He subsequently received information from an informant and upon looking in the backseat of the police unit, found the credit cards. On May 18, he placed the defendant under arrest and advised him of his constitutional rights. The defendant admitted placing the credit cards in the back of the police unit and agreed to take the officer to the location of the stolen car. He denied stealing the car.

For the defense Officer Robert Woods testified that pursuant to a complaint and radio call, he went to 1224 N.W. 1st street, arriving about 3:35 p. m. He talked to defendant and another person about the improper parking of a car they were working on. He remained at the location until approximately 4:15 p. m. He testified that he did not "exactly" remember the date as being May 16. His activity sheet for the day had been destroyed and was not available at trial time.

James Neal testified that he was the attorney for the defendant and during the course of his investigation had occasion to inquire the name of the officer who had handled the complaint of Mrs. Dixon about the improperly parked car. He observed the police activity report which indicated that the incident occurred on May 16, 1972.

Lester Howard Dixon testified that on May 16, 1972, he lived next door to the defendant and his grandmother. On the afternoon in question, Dixon arrived home about 5:15 p. m. and observed the defendant sitting on the porch. A Dodge car was in the parking area with no tires.

Ruth Dixon, Lester Dixon's wife, testified that on the afternoon of May 16, 1972, she called the police because defendant and a friend had parked a car in front of her house, blocking her parking spaces. A police officer came at approximately 3:30 p. m. and talked to defendant for about fifteen minutes. The defendant and his friend put the wheels back on the car and moved it. The friend left in approximately thirty minutes and the defendant went inside his house. The defendant later appeared on his front porch after cleaning up.

Tony Dixon testified that he came home from school about 3:35 or 3:40 on the afternoon in question. He observed a police officer talking to the defendant and his friend.

Frances Goodin, the defendant's grandmother, testified that on the afternoon in

question a police officer arrived about 3:30 p. m. and talked to her grandson and his friend concerning a car they had been working on. After they moved the car off of the street, the defendant came in and took a bath and cleaned up.

Georgia Goodin testified that she observed the defendant in her apartment at about 4:45 p. m. She fixed the date from the circumstance that she was having labor pains and entered the hospital that day.

Virgil Lee Ross testified that he was a cell mate of defendant and charged with second degree burglary. Defendant learned that Ross lived near 39th and north MacArthur and requested him to testify in defendant's behalf that he observed someone other than the defendant drive away the Pontiac station wagon.

█ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

█ The final proposition contends that the punishment is excessive. The question of excessiveness of punishment must be determined by a study of all of the facts and circumstances in each case, and we have held that this Court does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Considering that this is defendant's fourth felony conviction, we cannot conscientiously say that the punishment shocks the conscience of this Court.

Judgment and sentence affirmed.

BLISS, P. J., and BRETT, J., concur.