Doyle Ray **WATKINS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–73–53.

Court of Criminal Appeals of Oklahoma.

June 13, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Doyle Ray Watkins, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–1657, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, his punishment was fixed at fifty (50) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Ira Hynes testified that he operated the Village Arms Gun Shop at 7208 N. Western in Oklahoma City; that on July 12, 1972, he closed the shop at approximately 6:00 p. m. About 2:00 a. m. he was called to return to the shop where he observed a large hole had been knocked out of the back wall. Several hand guns were missing from the gun cases and his desk had been moved about three or four feet away from the wall. Officers discovered defendant inside of the building behind the air conditioning unit. Forty-three (43) guns were found in a box at the hole in the wall.

Officer Reed testified that he was alerted by a silent burglar alarm call at approximately 1:52 a. m. on the morning in question. He proceeded to the Village Arms Shop where he found other police units and observed a large hole in the wall.

Officer Hagan arrested Harvey Gabriel, who was found in a nearby storage shed. He and other officers went inside the gun shop and found defendant hiding behind the heating unit. Forty-three guns were in a cardboard box placed in the hole in the wall.

Officer Beatty's and Officer Hagan's testimony did not differ substantially from the testimony of Officer Reed.

For the defense Stanley Reed, Barbara Watkins, Brenda Keith, Lucille Rucker and Mrs. Allean Watkins, friends and relatives of the defendant, testified to bizarre acts and strange behavior on defendant's part, including threats to kill himself and his wife, periods of withdrawal and silence, a prolonged staring, and driving erratically on the wrong side of a divided highway. The testimony adduced that in 1969 the defendant was committed from a sanity hearing to the mental hospital at Norman and remained for approximately three weeks. Each of defendant's witnesses testified that in their respective opinions defendant was incapable of knowing right from wrong and of understanding the nature and consequences of his acts on the occasion of the burglary.

In rebuttal, Troy Withey, Richard Hagan and Ray Box testified in substance that they observed the defendant at different periods after his arrest and that the defendant did not appear irrational.

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

The final proposition contends that the punishment is excessive. The question of excessiveness of punishment must

be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Considering all the facts and circumstances in the instant case, we are of the opinion that justice would best be served by modifying the judgment and sentence to a term of thirty-five (35) years imprisonment and as so modified, the judgment and sentence is affirmed.

Judgment and sentence modified and affirmed.

BLISS, P. J., and BRETT, J., concur.