Robert Gene SARSYCKI, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–147.

Court of Criminal Appeals of Oklahoma.

July 26, 1973.

 

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Robert Gene Sarsycki, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–1277, for the offense of Robbery in the First Degree. His punishment was fixed at twelve (12) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Stanley Swain testified that on May 14, 1972, he was employed as a pharmacist at the Drexel Pharmacy in Oklahoma City; that at about 3:20 p.m. a person, whom he identified in court as defendant, came into the drug store and asked him where the restroom was located. He pointed out the restroom and proceeded to continue filling prescriptions. Approximately five minutes later defendant emerged from the restroom wearing a black wig and had painted on a black eye and mustache. He nudged Swain in the back with some object that he feared might be a gun and demanded narcotics. He asked the defendant what kind and defendant replied "red birds." (Tr. 16) He gave the defendant the bottle of Seconal and defendant said he wanted "more narcotics." He opened the safe and gave the defendant some fifty milligram and one hundred milligram Demerol. He testified that he had observed the defendant in the store probably six or seven times in the past year and one half as a customer. He identified State's Exhibit 1, a gold shirt, as being similar to the shirt worn by the defendant at the robbery.

Peggy Dill Keith testified that on May 14, 1972, she was staying with the defendant at the Deville Motel in Oklahoma City.

That evening defendant told her he had put on a wig and, using a pop bottle cap (as a gun), went into a drug store. He had two or three bottles of pills.

Mary Terrell testified that she was working in the drug store on the afternoon in question when a person, whom she identified in court as defendant, walked past her and asked the pharmacist if he could use the restroom. She next observed the defendant wearing a black wig and "he was holding up Mr. Swain, asking him to get narcotics out of the safe." She testified that she told the police she thought the robber was one of the Sarsycki boys. She testified that State's Exhibit 1 looked "very like the shirt" that the defendant was wearing.

Detective Burns testified that after obtaining a search waiver from the defendant, he searched defendant's motel room and found State's Exhibit 1, the gold shirt.

For the defendant, Detective Pierce testified that about 12:30 a.m. on May 24, 1972, he talked to Peggy Dill Keith in the parking lot of the Cattlemen's Cafe. She gave him information concerning the robbery and further reported that the defendant had taken her purse containing forty-eight dollars ($48.00) and pushed her out of the car. She had been drinking and was "pretty mad."

Officer Watson's testimony did not differ substantially from the testimony of Officer Pierce.

Martine Terrell testified that he was a pharmacist and operated the Drexel Pharmacy, but was not present at the time of the robbery. He knew defendant and his brothers and at times charged items to them on credit.

Joseph Sarsycki, the defendant's father, testified that defendant had always been truthful with him and that his reputation for being a law abiding person was "fair".

Defendant testified that in May 1972 he was living with Peggy Dill Keith at the Deville Motel. In January Peggy stabbed him and he was hospitalized for treatment. He testified that he had been in the Drexel

Pharmacy several times as a customer, but that he did not rob it.

■■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

■ The final proposition contends that the punishment is excessive. We need only observe that the punishment imposed does not shock the conscience of the court. The judgment and sentence is affirmed.