Charles Edward **MILLER** and William Harvey **King**, Appellants,

v.

The **STATE** of Oklahoma, Appellee.

No. F–73–204.

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellants.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellants, Charles Edward Miller and William Harvey King, hereinafter referred to as defendant Miller and defendant King, were charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–2847, for the offense of Robbery in the First Degree, their punishment was fixed at fifteen (15) years imprisonment, and from said judgments and sentences, a timely appeal has been perfected to this Court.

At the trial Herman Pitts testified that on November 28, 1972, he operated a service station at 628 East Reno in Oklahoma City; that he became acquainted with defendants four or five days earlier when one of them was working at a nearby tire shop. On November 27, the defendants came to Pitts' house as they had no place to stay. They spent the night with Pitts, agreeing to work for him the following day. They worked at his station the next

day, making sales, but had no access to the cash register. At approximately 6:00 p. m., one of the defendants grabbed his arm and the other defendant told him to give him the key to the cash register. Fearing they had a gun, Pitts gave them the key and they took $250 from the cash register- and fled in a nearby car. Pitts identified the various items of clothing as articles defendants were wearing that day.

Freeda Burdwell testified that she operated a bar and grill at 740 S. E. 49th Street; that at approximately 7:00 p. m. on November 28 the defendants came into her place and asked how far it was to Shawnee. She suggested to defendants that they call a cab and go to the bus station. She gave them the telephone number of the cab company and both defendants left when the cab arrived. Defendants were wearing dirty work clothing.

Ferris Williams testified that he was employed by the Capitol City Taxi Company; that on the evening in question, he picked up two male subjects at Freeda's Bar and Grill and drove them to Shawnee.

Roy Parker testified that he was in the Manhatten Club in Shawnee and observed two males there who asked about a place to clean up. They were directed to the lavatory where they changed from dirty work clothes to "rather stylish clothes, I mean fancy type."

Deputy Sheriff Brooks testified that he received a radio message to be on the alert for two white male subjects in their early twenties, who had been involved in a robbery in Oklahoma City. He arrested defendants in a theater near the Manhatten Club about 10:30 p. m. Each defendant had about $80 in his possession.

Undersheriff Loyd Rogers testified that he assisted Deputy Brooks in the arrest of

defendants. He had clothing descriptions based on clothing recently sold at the Dollar Store in Shawnee.

Officer Brooks, of the Oklahoma City Police Department, testified that he investigated the robbery and went to Shawnee and received custody of certain items of clothing and billfolds.

Officer Schopfer, of the Oklahoma City Police Department, testified that he assisted Officer Brooks in the investigation of the robbery and received the items of clothes from the club manager of the Manhatten Club.

Defendants did not testify. The only evidence offered in their behalf was an affidavit from one Nancy Marie Tallman, which stated that during the latter week of November 1972, she mailed defendant Miller an envelope containing $300.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

■ The final proposition contends that the punishment is excessive. Suffice it to say the punishment imposed is well within the limits prescribed by law and does not shock the conscience of this Court. Judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.