Paul James FINLEY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–694.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1976.

Don Anderson, Public Defender, W. L. Funk, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Paul James Finley, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–98, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S. 1971, § 1435. His punishment was fixed at a term of twenty-five (25) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

On the night of January 9, 1975, Mabelle Brown, the owner of a beer tavern located at 7701 Northwest 10th Street, Oklahoma City, closed her tavern for the night at approximately 11:45. She testified that upon leaving the building all the doors were locked and the silent alarm had been turned on. The building contained the normal contents of an average beer tavern. Besides beer, there were potato chips, peanuts, a juke box, two pool tables, cigarette machine, beef jerky and "Slim Jims." She also stated that she sold stereo tapes as a sideline business. At approximately 4:00 the next morning she was notified that the building had been burglarized. Upon her arrival, she noticed that the air conditioner which had been installed in back of the building was on the floor inside the tavern with a tire tool laying on top of it. The beer cases were empty, the cue sticks were gone, the potato chip racks and peanut racks were gone, and some of the stereo tapes were gone. Subsequently, the majority of the items which were missing were discovered outside the building in various areas around the parking lot. However, at the time of the trial some custom cue sticks, beer and several eight track tapes

were still missing. It was noted that at the time she arrived back at the tavern, after having been notified of the burglary, she saw the defendant in custody in the patrol car. She ended her testimony by stating that she did not know the defendant prior to the burglary and that she had given nobody permission to enter the tavern.

Charles Hamilton, of the Bethany Police Department, testified that at approximately 3:20 a. m. on the morning in question he had occasion to see Officer J. E. Watson, of the Oklahoma City Police Department, in a shopping center parking lot located at Northwest 10th and MacArthur. While at that location, a general broadcast of a silent alarm on a business known as Denie's Tavern came over their monitor. They immediately proceeded to the location and upon arrival Officer Hamilton saw three individuals jump out of a window of the building and attempt to flee. He stated that due to the lighting conditions surrounding the building and the fact that he had his spotlight trained upon the window at the time the individuals emerged, he could positively identify the defendant as being one of those three individuals. He and Officer Watson gave chase and eventually found the defendant hiding in an abandoned shed approximately three quarters of a block from the building. This concluded the State's evidence for their case in chief.

During the second stage of the trial, the State introduced through Carolyn Price, the criminal court deputy clerk, a valid judgment and sentence showing that defendant had been convicted of burglary in the second degree on the 15th day of October, 1973. The testimony indicated that the defendant in that case was one and the same as in the instant case and that he was represented by counsel and that the judgment and sentence was final.

The defendant neither took the stand nor introduced testimony in either stage of the trial.

■ The defendant's first assignment of error alleges that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Jones v. State,* Okl.Cr., 468 P. 2d 805 (1970).

■ Defendant's final assignment of error alleges that the punishment is excessive. We need only observe that the punishment was within the range provided by law and does not shock the conscience of this Court. See, *Turner v. State,* Okl.Cr., 479 P.2d 631 (1971).

For the foregoing reasons the judgment and sentence appealed from is, accordingly, *affirmed.*

BUSSEY and BLISS, JJ., concur.