**Jack Monte ROLAND, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–695.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1976.

**1030**

Don Anderson, Public Defender, W. L. Funk, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Jack Monte Roland, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–57, for the offense of Robbery With Firearms, After Former Conviction of a Felony, in violation of 21 O.S.Supp.1973, § 801. His punishment was fixed at a term of twenty-five (25) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

On January 4, 1975, James Earp was working the 2:00 p. m. to 9:00 p. m. shift at the Kerr-McGee service station located at 7800 N.W. 10th Street in Oklahoma City. He was working alone that evening when at approximately 7:40 p. m. a man walked in. When Earp inquired if he could help him he replied "Yeah, I want all your money," and pointed a sawed-off rifle at him. The man took all the money which was roughly between $50.00 and $60.00, and told Earp to lie on the floor and wait there five minutes before getting up. The man then left the service station. At this stage of the proceedings, the witness positively identified the defendant as the man who robbed him on the evening in question.

After an in camera hearing to determine the admissibility of a confession which had been made by the defendant, Officer Claude Shobert of the Oklahoma City Police Department was allowed to testify that at approximately 3:00 p. m. on January 6, 1975, he interviewed the defendant. Officer Shobert testified that at the outset both the defendant and his mother were present and he had advised both of them as to their rights. Both acknowledged that they understood their rights. The defendant was hesitant to talk to Officer Shobert in front of his mother and requested that he be allowed to talk to the officer alone. After his mother left the office the defendant admitted that he was the person who had robbed the service station in question and that the gun he had used was in the trunk of another person's car who had been with him on the evening in question. The court found Officer Shobert's testimony to be admissible and he thereafter gave the same testimony before the jury.

At this point the State rested its case in chief.

The defendant did not take the stand nor offer any evidence in his behalf. During the second stage of the proceeding both counsel for the State and defense counsel entered into an agreement whereby they stipulated that the defendant was one and the same Jack Monte Roland who was convicted on the first day of March, 1971, for the offense of Unauthorized Use of a Motor Vehicle. Furthermore, it was stipulated that the defendant was represented by counsel in the prior conviction and that the judgment and sentence was final.

■ The defendant's first assignment of error alleges that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury

could reasonably conclude that the defendant was guilty as charged the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Jones v. State*, Okl.Cr., 468 P. 2d 805 (1970).

Defendant's final assignment of error alleges that the punishment is excessive. We need only observe that the punishment is within the range provided by law and does not shock the conscience of this Court. See, *Turner v. State*, Okl.Cr., 479 P.2d 631 (1971).

Finding no merit to the assignments of error presented, the judgment and sentence appealed from is, accordingly, *affirmed*.